**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 20-21-DLB-EBA**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**v.**                       **MEMORANDUM ORDER**

**LINSDEY ROBERTS**                                                 **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Lindsey Roberts has filed a motion seeking retroactive sentencing relief pursuant to the recent amendments to Chapter 4 of the sentencing guidelines. (Doc. # 35). Those amendments went into effect on November 1, 2023.

In her motion, Defendant asks the Court to determine if she is eligible for any relief under the so-called "status-points" amendment, U.S.S.G. § 4A1.1(e).[1] (*See id*.). Unfortunately for Defendant, she is not, and her motion will be **denied**.

The status-points amendment reduces from two criminal history points to one point for certain defendants who committed their offense while under any criminal justice sentence. In reviewing Defendant's Presentence Investigation Report at paragraph 46, she received 2 points under the then-applicable section 4A1.1(d) of the guidelines. Because she received 7 or more points, the new

---

[1] Effective November 1, 2023, Section 4A1.1(e) provides as follows: Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence…

1

guideline applies to her.

However, even applying the new guideline to her, Defendant's total criminal history point calculation would only be reduced from 14 to 13 points, which would still place her in criminal history category VI. Therefore, Defendant's advisory guideline range is not changed as a result of the 2023 amendments. For these reasons, Defendant's Motion is **DENIED**.

This 9th day of November, 2023.

Signed By:
*David L. Bunning*
United States District Judge